IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

HUNG DUONG NGUON,

    Petitioner,                    No. 2:11-cv-0174 KJN P

    vs.

TIM V. VIRGA,

    Respondent.               ORDER

_____/

        Petitioner, a state prisoner proceeding without counsel, has filed, on a form utilized for a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, what appears may be intended as a civil rights action pursuant to 42 U.S.C. § 1983, together with an incomplete application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  For the reasons that follow, petitioner will be granted leave to file an amended pleading, together with a completed application to proceed in forma pauperis.

        The certificate portion of petitioner's request to proceed in forma pauperis, which must be completed by an officer at petitioner's place of incarceration, has not been completed. Similarly, petitioner has not filed a certified copy of his prison trust account statement, as required by 28 U.S.C. § 1915(a)(2).  Petitioner will therefore be provided the opportunity to submit a completed in forma pauperis application and a certified copy of his prison trust account

1

1  statement in support of his application.

2  Additionally, on a form intended for filing a petition for writ of habeas corpus, 3 petitioner alleges a "denial of personal property" and alleged improper withholding of legal 4 documents by prison officials.  Petitioner asserts: "Thus, by prison officials at CMC [California 5 Men's Colony] denying the little bit of property I had with some of my very important legal 6 documents, I was denied a fair hearing for my habeas corpus in court.  Which caused my 7 sentenced (sic) to enhanced (sic) for many more years. . . " (Dkt. No. 1, at 4-5.)  Petitioner 8 indicates that he sought the return of his property through CMC's appeal process, the frustration 9 of which "obstruct[ed] my access to court" and "violat[ed] my appeal's (sic) rights and due 10 process of law." (Id. at 5.)

11  Amendment of the pleading is necessary.  It is unclear from petitioner's 12 allegations whether his primary challenge is the withholding of his property, or the allegedly 13 resulting extension of his confinement.  Only the latter matter may be pursued in a petition for 14 writ of habeas corpus, 28 U.S.C. § 2254, while a challenge to a condition of confinement must be 15 brought in a civil rights action, 42 U.S.C. § 1983.  Moreover, the exhaustion requirements are 16 different as to each – a federal habeas claim must first be exhausted in the state courts, Rose v. 17 Lundy, 455 U.S. 509 (1982), while a civil rights claim must first be exhausted through the 18 institution's administrative appeal system, 42 U.S.C. § 1997e(a); Booth v. Churner, 532 U.S. 19 731, 741 (2001).  The fact that petitioner is now incarcerated at California State Prison-20 Sacramento, and challenges conduct that allegedly occurred at CMC, suggests that he is 21 attempting to pursue a civil rights action.

22  Review of petitioner's other filings in this court indicates that he has filed more 23 than thirty cases, generally pursuant to a petition for writ of habeas corpus.  Not only does this 24 number indicate that petitioner is a more sophisticated litigant than appears from the instant 25 petition, but that he may purposefully be seeking to avoid the $350.00 filing fee required in civil 26 rights actions, by stating his claims in a habeas corpus petition, which requires only a $5.00 filing

fee. Indeed, it appears that many of petitioner's actions in habeas corpus do, in fact, challenge conditions of confinement. Petitioner is informed that, pursuant to 28 U.S.C. § 1915(g), if the court finds that at least three of his civil rights cases (however entitled) have been dismissed as frivolous, malicious, or for failing to state a claim, petitioner may be required to pay the full filing fee in order to pursue any further civil rights action. Any new pleading filed in this action will be scrutinized pursuant to these considerations.

Therefore, IT IS HEREBY ORDERED that:

1. Within thirty days after the filing date of this order, petitioner shall submit the following documents to the court:

   a. A completed Application to Proceed In Forma Pauperis By a Prisoner, including a certified copy of petitioner's prison trust account statement for the six month period immediately preceding the filing of the complaint; and

   b. A new pleading, demonstrating whether petitioner is pursuing a writ of habeas corpus or a civil rights claim (petitioner shall complete and file only one of the pleading forms provided by the Clerk of Court herewith).

2. The Clerk of the Court is directed to send petitioner the following forms:

   a. An Application to Proceed In Forma Pauperis By a Prisoner;

   b. Form for filing a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254; and

   c. Form for filing a Civil Rights Complaint pursuant to 42 U.S.C. § 1983.

3. Should petitioner fail to timely comply with this order, this action will be dismissed without prejudice.

SO ORDERED.

DATED: February 17, 2011

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

nguo0174.scrn