IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

HUNG DUONG NGUON,

      Petitioner,               No. 2:11-cv-0174 KJN P

   vs.

TIM V. VIRGA,

      Respondent.          ORDER

_____/

      Petitioner, a state prisoner, has agreed to the jurisdiction of the undersigned magistrate judge for all purposes. (Dkt. No. 4.) See 28 U.S.C. § 636(c); Local Rule 305(a).

      On February 18, 2011, after screening petitioner's initial "Petition for Writ of Habeas Corpus," this court directed petitioner to submit a completed application to proceed in forma pauperis, and to file an amended pleading, either an amended petition for writ of habeas corpus or a civil rights complaint. The court identified the inadequacies in petitioner's initial pleading and instructed petitioner about the requirements for filing a cognizable action. The court noted that petitioner has filed numerous cases in this court, and stated in pertinent part (Dkt. No. 5, at 2-3):

> [P]etitioner has repeatedly—and improperly—sought to assert civil rights claims in this court pursuant to petitions for writs of habeas corpus. Petitioner has filed more than thirty cases in this court, generally pursuant

to a petition for writ of habeas corpus. Not only does this number indicate that petitioner is a more sophisticated litigant than appears from the instant petition, but that he may purposefully be seeking to avoid the $350.00 filing fee required in civil rights actions, by stating his claims in a habeas corpus petition, which requires only a $5.00 filing fee. Petitioner is informed that, pursuant to 28 U.S.C. § 1915(g), if the court finds that at least of three of his civil rights cases (however entitled) have been dismissed as frivolous, malicious, or for failing to state a claim, petitioner may be required to pay the full filing fee in order to pursue any further civil rights action.

Petitioner was accorded thirty days within which to file the necessary documents in order to pursue the instant action, and instructed that, "[s]hould petitioner fail to timely comply with this order, this action will be dismissed without prejudice." (Dkt. No. 5, at 3.)

More than thirty days have passed, and petitioner has not responded to the court's order. Local Rule 110 provides: "Failure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court."

Due to petitioner's failure to respond to the court's order, and for the reasons previously stated by the court, IT IS HEREBY ORDERED that this action is dismissed without prejudice. The Clerk of Court is directed to close this case.

DATED: April 15, 2011

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

nguo0174.disms